FILED - USDC -NH
2025 MAR 17 PM2:38

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOY E. GONZALEZ, an individual,<br><br>Plaintiff,<br><br>-vs-<br><br>NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING, a Delaware Limited Liability Company,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT**<br>**WITH JURY DEMAND** |

COMES NOW Plaintiff JOY E. GONZALEZ (hereinafter "Plaintiff"), *pro se*, seeks monetary damages, a temporary injunction and states as follows:

## I.   INTRODUCTION

1. This is an action for damages and injunctive relief arising from Defendant's violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605(e), and its implementing regulations at 12 C.F.R. §1024.36, as well as violations of the Consumer Financial Protection Bureau (CFPB) regulations and unfair and deceptive practices under New Hampshire law.

## II.   JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C.§1332 because the amount in controversy exceeds $75,000 and no plaintiff shares a state of citizenship with any Defendants. Also, the Court has subject matter jurisdiction under 28 U.S.C. §1331, as this action

1

involves questions of federal law arising under RESPA, 12 U.S.C. §2605(e).

3.  Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. §1367.

4.  The Court is the proper venue for this action under 28 U.S.C. Section 1391 because a substantial part of the events giving rise to the claims occurred in this District, and the property at issue is located in Franklin, New Hampshire, and one or more of the Defendants either resides in or maintains executive offices in or conducts business in this district and all of the relevant real estate is located in this district.

### III.    PARTIES

5.  Plaintiff is and at all times herein mentioned is, a resident of the County of Merrimack in state of New Hampshire and the lawful owner of a parcel of real property commonly known as: 13 Upland Drive, Franklin, NH 03235 (hereinafter "Subject Property").

6.  At all times herein mentioned, Defendant NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING (hereinafter "Shellpoint" or "Defendant"), a Delaware Limited Liability Company with headquarters in North Carolina and principal office in Pennsylvania and at all times herein mentioned was conducting ongoing business in the state of New Hampshire and claims an interest adverse to the right, title and interests of Plaintiff in Subject Property.

### IV.    FACTUAL ALLEGATIONS

1.  On November 17, 2017, Specialized Loan Servicing, LLC, a prior mortgage

servicer entered into a loan modification agreement with Plaintiff. **See EXHIBIT 1.**

2. Based on Plaintiff's review of the loan modification agreement and accounting records, the payment history indicates that the escrow account was reset to zero after the 2017 loan modification. **Id.; See EXHIBIT 2.;**

3. The legal fees accrued prior to 2017 should have been eliminated due to the recapitalization of debt in the loan modification. However, these fees have ballooned to over $17,000 in recent years.

4. The alleged negative escrow balance of $22,000 is highly questionable, as the timeline of delinquent payments post-2017 would be significantly shortened, making such a large deficit improbable.

5. The extra payments made by Plaintiff over the last several years should have been applied to the alleged 24 payments past due, which would substantially reduce the claimed arrears.

6. The escrow requirement of $7,465.07 included in the reinstatement calculation is unwarranted and should be removed.

7. Given these corrections, the reinstatement amount should be closer to $22,000, rather than the inflated amount presented by Defendant.

8. On November 12, 2024, Plaintiff submitted a Qualified Written Request (QWR) to Defendant pursuant to RESPA, 12 C.F.R. §1024.36, seeking detailed accounting and explanations regarding the servicing of her mortgage loan. **See EXHIBIT 3.**

9. Plaintiff's QWR requested: a. A breakdown of the acceleration amount of $41,353.01; b. An itemized accounting of $7,558.00 in legal expenses paid to Harmon Law Firm; c. A full accounting of the escrow balance, which included force-placed insurance charges despite Plaintiff maintaining an active homeowners insurance policy; d. A proper escrow analysis from April 1, 2018, to the present; e. An explanation of discrepancies in corporate advance charges and outstanding legal fees.

10. To date, Defendant has failed to adequately respond to Plaintiff's qualified written request by failing to provide the Loan's original application, good faith estimate, HUD-1 settlement statement, truth in lending disclosure statement, current promissory note recorded showing lienholder, and affidavit of debt. Plaintiff's written requests for information about Plaintiff's account and requests for validation pertained to the servicing of the Loan and were "qualified written requests" within the meaning of RESPA.

11. Defendant deliberately failed to respond in a clear and concise way to Plaintiff's "qualified written requests" for information, in violation of 12 U.S.C. §2605(e).

12. Defendant engaged in unfair and deceptive practices, including excessive and unexplained attorney fees, force-placed insurance charges, and erroneous escrow calculations in violation of 12 U.S.C. §§5531 and 5536.

13. Plaintiff received a reinstatement quote on March 6, 2025, from Korde & Associates, P.C., which included excessive fees, a negative escrow balance of $19,351.92, and corporate advances of $17,422.37, many of which were previously paid or should not have been charged.

## V. CAUSES OF ACTIONS

### COUNT ONE

### VIOLATION OF RESPA - 12 U.S.C. §2605(e) & 12 C.F.R. §1024.36(d)

14. Paragraphs 1 through 13 are realleged as though fully set forth herein.

15. Defendant is a servicer of the loan, a federally related mortgage loan within the meaning of RESPA, 12 U.S.C. §2605(e) & 12 C.F.R. §1024.36(d).

21.     As a direct and proximate result, Plaintiff has suffered damages, including but not limited to attorney fees, escrow miscalculations, and stress related to foreclosure proceedings.

## COUNT TWO

## UNFAIR AND DECEPTIVE ACTS AND PRACTICES (RSA 358-A)

22.     Paragraphs 1 through 21 are realleged as though fully set forth herein.

23.     S Based on Plaintiff's review of the loan modification agreement and accounting records, the payment history indicates that the escrow account was reset to zero after the 2017 loan modification.

24.     The legal fees accrued prior to 2017 should have been eliminated due to the recapitalization of debt in the loan modification. However, these fees have ballooned to over $17,000 in recent years.

25.     The alleged negative escrow balance of $22,000 is highly questionable, as the timeline of delinquent payments post-2017 would be significantly shortened, making such a large deficit improbable.

26.     The extra payments made by Plaintiff over the last several years should have been applied to the alleged 24 payments past due, which would substantially reduce the claimed arrears.

27.     The escrow requirement of $7,465.07 included in the reinstatement calculation is unwarranted and should be removed.

28.     Given these corrections, the reinstatement amount should be closer to $22,000, rather than the inflated amount presented by Defendant.

16. Defendant is a debt collector under the meaning of 12 U.S.C. §2605.

17. On or about November 12, 2024, Plaintiff sent a written correspondence to Defendant constituting a "qualified written response" requesting pertinent documents pertaining to the servicing of the Loan per 12 U.S.C. §2605. Plaintiff's QWR requested:

   a. A breakdown of the acceleration amount of $41,353.01;
   b. An itemized accounting of $7,558.00 in legal expenses paid to Harmon Law Firm;
   c. A full accounting of the escrow balance, which included force-placed insurance charges despite Plaintiff maintaining an active homeowners insurance policy;
   d. A proper escrow analysis from April 1, 2018, to the present; e. An explanation of discrepancies in corporate advance charges and outstanding legal fees.

18. To date, Defendant has failed to adequately respond to Plaintiff's qualified written request by failing to provide the Loan's original application, good faith estimate, HUD-1 settlement statement, truth in lending disclosure statement, current promissory note recorded showing lienholder, and affidavit of debt. Plaintiff's written requests for information about Plaintiff's account and requests for validation pertained to the servicing of the Loan and were "qualified written requests" within the meaning of RESPA.

19. Defendant deliberately failed to respond in a clear and concise way to Plaintiff's "qualified written requests" for information, in violation of 12 U.S.C. §2605(e).

20. Plaintiff suffered damages as a result of Defendant's failure to respond to Plaintiff's qualified written requests for information. Defendant's failure to respond to Plaintiff's qualified written requests have prevented Plaintiff from obtaining the proper documentation that would inform Plaintiff of their legal rights.

29. Defendant's misrepresentation of fees, improper application of payments, and failure to provide adequate disclosures violate New Hampshire's Consumer Protection Act, RSA 358-A.

30. The underlying purpose of the New Hampshire's Consumer Protection Act, RSA 358-A is to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection. This Act is intended to be liberally construed and applied. A consumer is defined as one who seeks or acquires by purchase or lease any goods or services.

31. Defendants committed deceptive acts or practices in the conduct of their business in the following manners:

   a. On or about November 12, 2024, Plaintiff sent a written correspondence to Defendant constituting a "qualified written response" requesting pertinent documents pertaining to the servicing of the Loan per 12 U.S.C. §2605.

   b. To date, Defendant has failed to adequately respond to Plaintiff's qualified written request by failing to provide the Loan's original application, good faith estimate, HUD-1 settlement statement, truth in lending disclosure statement, current promissory note recorded showing lienholder, and affidavit of debt. Plaintiff's written requests for information about Plaintiff's account and requests for validation pertained to the servicing of the Loan and were "qualified written requests" within the meaning of RESPA.

32. As a result of Defendant's actions, Plaintiff suffered extreme emotional distress as she faced foreclosure proceedings.

33. As a direct, actual, and proximate cause of Defendant's misconduct, Plaintiff has suffered damages since the Loan's delinquency caused the Subject Property to fall into foreclosure proceedings. As a result of Plaintiff making unapplied payments to Defendants, Defendants have been unjustly enriched while Plaintiff has faced foreclosure proceedings and incurred court fees to enforce his legal rights. Moreover, Plaintiff has lost equity in the Subject Property and suffered the slander of his representation due to the fact that illegitimate foreclosure proceedings have been attributed to him and reported to credit reporting agencies and bureaus.

### VI. REQUEST FOR JURY TRIAL

34. Plaintiff respectful requests a jury trial.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. For the Court to issue a temporary restraining order, a preliminary injunction, and/or a permanent injunction enjoining Defendants from engaging in any foreclosure activity with respect to Subject Property.

2. For the Court to enter judgment in favor of Plaintiff.

3. For an accounting of all payments improperly paid by Plaintiff to Defendants towards the Modified Loan.

4. For the Court to order the Plaintiff to omit any charges inappropriately applied to the Loan.

5. For the Court to award the *pro se* Plaintiff the monetary equivalent of attorney's fees and costs.

6. Special damages to account for Plaintiff's severe emotional distress.

7. Punitive damages.

8. For such other and further relief as the Court deems just and proper.

March 16, 2025                                Respectfully submitted,

*[signature: Joy E. Gonzalez]*

JOY E. GONZALEZ
13 Upland Drive
Franklin, NH 03235

*Plaintiff Pro Se*